E-FILED
Tuesday, 06 December, 2016  02:43:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER DAVIS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16-1292 |
| | ) | |
| ILLINOIS STATE POLICE, | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. Shortly after filing his complaint, Plaintiff filed a motion for leave to amend his complaint with a complete, proposed complaint. [2] The motion is granted pursuant to Federal Rule of Civil Procedure 15.

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, alleges his constitutional rights were violated by Illinois State Troopers Thomas Vagasky and Christopher Lempke, and McLean County Assistant States Attorney Erika Reynolds. Plaintiff says on December 10, 2105, Officer Lempke made a traffic stop on a car in which Plaintiff was a passenger. A search of the car resulted in the discovery of a substance the police identified as cocaine. Plaintiff was arrested and Defendant Vagasky testified under oath before the grand jury.

A lab report later revealed the substance found in the car was heroin. A motion was made to dismiss the indictment, but Plaintiff claims the presiding judge took the motion under

advisement until the grand jury reconvened. This time, the Assistant States Attorney presented evidence that the substance discovered in the vehicle was heroin.

Plaintiff says each of the Defendants violated his constitutional rights because they "knowingly" presented false testimony to the grand jury.(Comp., p. 5)  As a result, Plaintiff is requesting $800,000 in damages.

There is no information in the complaint from which the Court can infer Defendants should have known the substance discovered in the vehicle was heroin without the lab test. In addition, the Plaintiff admits the lab reports still revealed the substance was an illegal drug, and the error was corrected in a subsequent grand jury proceeding.

The Court also notes prosecutors such as the Assistant States Attorney enjoy absolute immunity from suits for actions taken in the course of presenting their case. *Imbler v. Pachtman,* 424 U.S. 409, 427-428 (1979); *Buckley v. Fitzsimmons,* 20 F.3d 789, 795 (7th Cir.1994); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986).  In addition, an officer testifying before a grand jury is entitled to absolute immunity from liability for his testimony. *See Curtis v. Bembenek,* 48 F.3d 281, 284 (7th Cir.1995).  The Plaintiff has not clearly articulated a constitutional violation based on the fact that the discovered substance was a different illegal drug.

**IT IS THEREFORE ORDERED that:**

1) The Plaintiff's motion for leave to amend his complaint is granted. [2]
2) The Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed. All pending motions are denied as moot. [3 ]

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 6th day of December, 2016.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE